UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Angela-Crystal Thornton | ) | CASE NO. 1:06-cv-00018 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| Vs. | ) | |
| | ) | |
| State Farm Mutual Auto Insurance | ) | |
| Company, Inc. | ) | **Memorandum Opinion and Order** |
| | ) | |
| Defendant. | ) | |

**INTRODUCTION**

Plaintiff Angela-Crystal Thornton has filed a Motion for Order Compelling Discovery (Doc. 59). This case arises out of State Farm Mutual Auto Insurance Company's ("State Farm") failure to obtain a salvage title for a vehicle that Angela-Crystal Thornton later purchased. For the reasons that follow, the motion is GRANTED IN PART.

**DISCUSSION**

The Court is well aware of the facts of this lawsuit from earlier motions. In short, Thornton purchased a vehicle that State Farm had previously declared a total loss. She alleges

1

that State Farm was required to obtain a salvage title for the vehicle but failed to do so. She therefore purchased the vehicle unaware of its damage history. A number of years later, Thornton received notice that State Farm had entered into a settlement with the Attorneys General of 49 states, including Ohio. The notice informed her for the first time that her vehicle had been declared a total loss, offered her partial compensation, and explained that she would have to acquire a salvage or rebuilt salvage title for her vehicle. Thornton declined the compensation offer and instead filed a class action lawsuit. The Court has granted a motion to strike the class allegations (Doc. 75) and granted in part a motion to dismiss (Doc. 74). The remaining counts of Thornton's Complaint are for Fraud (Count 1), Violation of the Ohio Consumer Protection Act (Count 2), Consequential and Equitable Relief for Void Transfer (Count 6) and Negligence Per Se (Count 7).

At issue here is Plaintiff's Motion to Compel (Doc. 59). The parties have since resolved some of the matters addressed in Thornton's initial motion. The matters that remain at issue are Document Requests 12, 17 and 18.

> Document Request 12: [Produce] [a]ll policy or procedural manuals or other similar documents maintained by State Farm that address State Farm's valuation procedures for automobiles during the relevant period.

State Farm claims that it has produced "training and policy and procedural manuals on automobile valuation during the ten year time period identified in document request 12 . . . [and] marked the documents that are responsive to document request 12 with the following bates range: THORNTON 839-853PROD and THORNTON 861-961PROD." It therefore contends that the issue is moot. Thornton responds that the produced documents merely provide general valuation procedures. She also seeks "valuation charts, or other resources used to determine

value . . . ."

The Court agrees with Thornton that if such documents exist they should be produced. Thornton's request is not limited to "policy or procedural manuals" and to the extent other documents address "State Farm's valuation procedures for automobiles" they must be produced.

> Document Request 17: [Produce] [a]ny and all pleadings, motions and/or judgments in cases in which you have been sued or a counterclaim has been raised that a motor vehicle was not disposed of consistent with state title laws during the relevant period.

State Farm objected to this request on a number of grounds, including relevance. Thornton provided three reasons that this information was relevant to her fraud and Consumer Sales Protection Act ("CSPA") claims: "The information sought in Document Requests 17 and 18 is directly relevant to the issues of [1] whether State Farm had prior knowledge and/or knowledge of its illegal titling practices, [2] any steps State Farm may have taken or not taken to address the practices, and [3] whether State Farm's practices have previously been determined to violate the law."

In the discovery context, "[r]elevant information need not be admissible at trial if the discovery appears calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Both parties cite a number of cases where courts did or did not allow discovery of other lawsuits. Although no case is directly on point, the point is well taken. Discovery of other lawsuits is not a subject that is amenable to a *per se* rule. The Court must look to the relevance of the other suits to the particular claims at issue. *Payne v. Howard*, 75 F.R.D. 465, 469 (D.D.C. 1977) (explaining that "whether pleadings in one suit are 'reasonably calculated' to lead to admissible evidence in another suit . . . depends on the nature of the claims, the time when the critical events in each case took place, and the precise involvement of the parties"). The


elements of a fraud claim are as follows:

> (a) a representation or, where there is a duty to disclose, concealment of a fact, (b) which is material to the transaction at hand, (c) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, (d) with the intent of misleading another into relying upon it, (e) justifiable reliance upon the representation or concealment, and (f) a resulting injury proximately caused by the reliance.

*State ex rel. Illuminating Co. v. Cuyahoga County Court of Common Pleas*, 97 Ohio St. 3d 69, 74 (2002). The aspect of the CSPA claim that Thornton focuses on is the "knowledge" requirement of the attorneys' fee provision. R.C. § 1345.09(F). Knowledge is defined as "actual awareness, but such awareness may be inferred where objective manifestations indicate that the individual involved acted with such awareness." R.C. § 1345.09(E). Thus, for the purposes of this motion both the fraud and CSPA claims boil down to the same issue of whether other lawsuits are relevant to demonstrate prior knowledge or recklessness with respect to the titling of the vehicle purchased by Thornton.[1]

The Court finds that other lawsuits are relevant to these issues. Lawsuits that were filed prior to State Farm's sale of the vehicle could help prove that State Farm had knowledge that it was failing to acquire salvage titles. Lawsuits from around the same time could also lead to evidence of knowledge or recklessness to the extent they are closely related. Thus, the Court finds that other titling lawsuits may fall within the broad definition of relevance contemplated by the federal rules.

---

[1] Thornton does not attempt to explain and the Court does not perceive how the latter two justifications for document requests 17—any steps State Farm may have taken or not taken to address the practices, and whether State Farm's practices have previously been determined to violate the law—are relevant.

However, the Court believes that the time frame contemplated by Thornton's request is inappropriate.  The Court will limit the discovery of other lawsuits to suits filed in the three years prior to the sale of Thornton's vehicle (i.e., those likely to demonstrate knowledge or notice) and lawsuits regarding vehicles sold by State Farm in the three years preceding the sale of Thornton's vehicle (i.e., those likely to yield other evidence of knowledge or recklessness).  Moreover, to the extent that Thornton seeks "[a]ny and all pleadings [and] motions," the burden of the requests well outweighs their probative value.  Most of the documents that fall under such a broad request are unlikely to have anything to do with knowledge.  It is enough for State Farm to turn over the complaints and judgments from lawsuits during the relevant periods.  Finally, the only vehicle at issue is Thornton's and thus knowledge is only at issue with respect to those State Farm employees in New Jersey[2] who failed to obtain a salvage title for her vehicle.  Accordingly, the Court will also limit the geographic scope of the request to lawsuits filed in New Jersey or involving vehicles titled in New Jersey.  *See Hill v. Motel 6*, 205 F.R.D. 490, 496 (S.D. Ohio 2001) (limiting discovery to charges or complaints within the relevant geographic region).

In sum, State Farm is to provide Thornton with the complaints and judgments of any lawsuit regarding the improper titling of a vehicle in New Jersey: 1) filed in the three years prior to the date State Farm sold the vehicle at issue; and 2) regarding the sale of vehicles by State Farm in the three years prior to the date State Farm sold the vehicle at issue.

> Document Request 18: [Produce] [a]ny reports, judgments, consent judgments, interrogatories or inquiries from any governmental agency or any of its agencies or in any private suit where you were sued or investigated for selling vehicles that were a total loss without obtaining a salvage title during the relevant period.

---

[2]  Discovery has established that the vehicle purchased by Thornton was processed by State Farm in New Jersey.

The parties have treated the relevance issue the same for request 18 as they did for request 17 and the Court will also.  The only relevant documents are those: 1) State Farm received in the three years before it sold the vehicle at issue; and 2) regarding State Farm's practices in the three years prior to the date it sold the vehicle at issue.

State Farm brings up a different issue with respect to this request.  Any government investigations or inquiries were settled or involved settlement negotiations.  It notes that the Sixth Circuit has recognized a settlement privilege.  *Goodyear Tire & Rubber Co. v. Chiles Power Supply, Inc.*, 332 F3d 976, 981 (6th Cir. 2003).  "This is true whether settlement negotiations are done under the auspices of the court or informally between the parties." *Id.* at 980.  The privilege does not extend to the existence of the settlement negotiations, but only to the underlying communications.  *Id.*  Moreover, the privilege does not apply to any document simply because it is exchanged during settlement.  *Grupo Condumex, S.A. v. SPX Corp.*, 331 F. Supp. 2d 623, 629 (N.D. Ohio 2004).  Rather, the issue is whether the particular communication was authored or created for the purpose of settlement negotiations. *Id.*

Because of the privilege, the only relevant information that Thornton can acquire here is the fact of a government inquiry in New Jersey in the three years prior to the date State Farm sold the vehicle at issue.  With respect to any such investigations, State Farm should produce a privilege log.

**CONCLUSION**

For the foregoing reasons, the Court GRANTS Thornton's motion in part.

      IT IS SO ORDERED.


                          /s/ Patricia A. Gaughan
                          PATRICIA A. GAUGHAN
                          United States District Judge


Dated: 12/5/06